# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**TONY JOSEPH GEORGE AND**         **CIVIL ACTION NO.**
**RAYNELL WICKWARE, on behalf of**
**themselves and other persons similarly situated**

**VERSUS**                         **JUDGE**

**GRAYCO COMMUNICATIONS, L.P., and**    **MAGISTRATE:**
**PROTEK COMMUNICATIONS, INC**
**************************************************************************

## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT
## COMPLAINT WITH JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Tony Joseph George ("Representative Plaintiff George"), and Plaintiff, Raynell Wickware ("Representative Plaintiff Wickware")(collectively, "Representative Plaintiffs") on behalf of themselves and all similarly situated individuals (collectively referred to as "Plaintiffs"), who, for this Collective Action under the Fair Labor Standards Act Complaint With Jury Demand ("Complaint"), state as follows:

## JURISDICTION AND VENUE

1.

This Complaint is brought pursuant to the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §201 *et seq*. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. This Court has pendent jurisdiction of the state law claim pursuant to 28 U.S.C. § 1367.

2.

Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c) because defendants, Grayco Communications, L.P., ("Grayco") and ProTek Communications, Inc. ("ProTek") (collectively, referred to as Defendants), do business in the State of Louisiana, in the Eastern District, and hire

1

personnel to work in this district, and because the unlawful conduct giving rise to the claims as stated herein occurred in this district.

## PARTIES

3.

The Representative Plaintiffs are citizens of the State of Louisiana. Plaintiffs are current and former employees and/or improperly misclassified independent contractors of Defendants who have performed work for Defendants as Cable Technicians and/or Installers, installing and servicing Cox equipment.

4.

Made Defendant herein is Grayco Communications, L.P, a Texas limited partnership. Upon information and belief Grayco Communications, L.P., has a principal business establishment in Louisiana with the address of 2601 Lexington Avenue, Suite A, Kenner, Louisiana. The Registered Agent for Service of Process in the State of Louisiana is Incorp Services, Inc., 3867 Plaza Tower Drive, First Floor, Baton Rouge, Louisiana, 70816.

5.

Also made Defendant herein is ProTek Communications. At this time, Representative Plaintiff is unable to provide information about ProTek's domicile or whether it is licensed to do business in the State of Louisiana, as ProTek does not appear under the Secretary of State business filings for the State of Louisiana. Upon information and belief, ProTek Communications is a company domiciled in the State of Texas.

6.

At all times relevant to this Collective Action, Defendants were an "employer" for purposes of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

7.

The two Defendants, or entities, have acted and/or acting as a "Joint Employer" for all Plaintiffs herein. Upon information and belief, the two Defendants have a common business purpose, and there is a unified operation of control over their business enterprises, common work locations, common use of equipment, and common illegal pay practices.

## STATEMENT OF THE CASE

8.

The Complaint arises out of Defendants' individual and concerted efforts to deprive Representative Plaintiff George and Representative Plaintiff Wickware and additional Plaintiffs of compensation rightfully earned to them under a scheme that violates federal law, as codified by the FLSA found at 29 U.S.C. § 201, et seq., and specifically the collective action provision of the FLSA located at § 216(b). Additionally, Defendants are violating Louisiana law, as stated more fully herein.

9.

Representative Plaintiff George was employed with Grayco as a cable technician beginning in September, 2014, yet was improperly classified as an "Independent Contractor." In November, 2016, Representative Plaintiff George was switched to "W2" employee status for Grayco.

10.

Representative Plaintiff Wickware was employed with Grayco as a cable technician beginning in June, 2015, yet was improperly classified as an "Independent Contractor." In November, 2016, Representative Plaintiff Wickware was switched to "W2" employee status for a new company to Louisiana, ProTek, a Joint Employer with Grayco.

11.

At all times pertinent to this litigation, despite their employment classification, or whether they were personnel for Grayco or Protek, Representative Plaintiffs' job duties included that of a cable technician, installing telephone, internet, and cable television, for the customers of Cox Communications.

12.

At the time of Representative Plaintiffs' employment with Grayco, until November, 2016, while improperly classified as "Independent Contractors," Representative Plaintiffs were required to wear Grayco uniforms, required to carry Grayco badges, were required to work Monday-Saturday, with a minimum hourly schedule of 7am to 7pm, and were expected to and routinely did work in excess of forty hours per work week.

13.

At the time of Representative Plaintiffs' employment with Grayco, until November, 2016, while improperly classified as "Independent Contractors," Representative Plaintiffs received job assignments directly from Grayco, who maintained close control over Representative Plaintiffs' job assignments and work schedule. Representative Plaintiffs worked set hours, and were not permitted to take other jobs during these set hours.

14.

At the time of Representative Plaintiffs' employment with Grayco, until November, 2016, while improperly classified as "Independent Contractors," Representative Plaintiffs were not in control of their job schedule, nor did he have the ability to choose or reject the jobs that they would be called to "run routes" on.

15.

At the time of Representative Plaintiffs' employment with Grayco, until November, 2016, while improperly classified as "Independent Contractors," Representative Plaintiffs were improperly paid through an illegal "pay-per-point" scheme, whereby Representative Plaintiffs would receive points from an arbitrary point system based on the number and type of jobs completed, rather than the actual number of hours worked. Further, Representative Plaintiffs were not paid any compensation for the time it took to travel from one job to the next.

16.

At the time of Representative Plaintiffs' employment with Grayco, until November, 2016, while improperly classified as an "Independent Contractors," Representative Plaintiffs were also subject to an illegal pay-per-point/unilateral "charge-back" scheme, whereby Representative Plaintiffs' would receive unauthorized deductions from their paychecks for "repeat calls," or for "quality control." For example, if during a period of thirty days Representative Plaintiffs would take a job assignment, and within that thirty days another employee of Grayco would have to return to the job-site to reinstall equipment, through no fault of Representative Plaintiffs, Defendant, Grayco, would go back into Representative Plaintiffs' paychecks and deduct the points/monies from that check for any "repeat" visits.

17.

Additionally, the illegal "Charge-Back" scheme included deductions for "quality control." For example, if Representative Plaintiffs installed a Cox cable system, and two weeks later the controller broke, through no fault of the Representative Plaintiffs, Defendants still deducted the cost of the broken equipment from Representative Plaintiffs' point calculation/monies in their paycheck.

18.

At the time of Representative Plaintiffs' employment with Grayco, until November, 2016, while improperly classified as an "Independent Contractors," Representative Plaintiffs were charged for use of the Grayco trucks, bearing Grayco and Cox logos, and such use was deducted from their paychecks. Additionally, Grayco mandated that Representative Plaintiffs keep the trucks "clean" at all times, and the trucks were subject to random monthly inspections, despite the fact that Representative Plaintiffs were paying for the "rental" of these vehicles.

19.

Again, upon information and belief, and following the settlement of a lawsuit in 2016 against Grayco in Texas, in November, 2016, Grayco switched several of its personnel, as well as the Representative Plaintiffs, and several other potential opt-in Plaintiffs to the status of "W-2 employees" of Grayco.

20.

Nevertheless, upon information and belief, in May or June, 2017, Grayco unilaterally switched the Representative Plaintiff Wickware, and certain other Plaintiffs, who drove their own vehicles, back to "independent contractor" status, and, without notice, made these Plaintiffs "Independent Contractors" of Grayco's co-defendant, ProTek Communications.

21.

As an improperly classified "Independent Contractor" of ProTek Communications, and for the period following May or June, 2017, Representative Plaintiff Wickware, still performed the exact same function as the W2 employees of Grayco. Representative Plaintiff Wickware is still required to wear a Grayco uniform, still required to carry a Grayco badge, and still reports to many of the same Grayco employees that he reported to as a W2 employee for Grayco. Further, as an

"Independent Contractor" of ProTek, Representative Plaintiff Wickware still receives his job assignments in the exact same manner as he did for Grayco, on an application on his cell phone, to which he has little or no control.

22.

While Representative Plaintiff Wickware now drives his own vehicle, he is still required to place a Grayco magnet on the vehicle, and is still required to use the equipment provided to him by Grayco and/or ProTek. In fact, Representative Plaintiff Wickware still picks up the equipment from the exact same warehouse where the Grayco employees pick up their equipment, and reports to meetings with the Grayco employees at the Grayco offices with Grayco supervisors.

23.

Representative Plaintiff Wickware, and other ProTek personnel illegally mis-classified as "Independent Contractors," are still required to report to the application for job assignments six days a week, from 7am to 7pm. Further, Representative Plaintiff Wickware, and other ProTek personnel are still being subjected to the illegal "charge-back" scheme that was implemented prior to November, 2016, as more fully discussed hereinabove.

24.

At all times leading up to this litigation, Representative Plaintiffs, and all Grayco and/or ProTek personnel were hired for Defendants on an indefinite basis, and there is no set end date to their working relationship. Grayco and ProTek personnel are hired on a continuing basis, are not allowed to perform other job functions, and indeed, it would be near impossible for them to complete same, as they regularly work a mandated excess of forty hours per week.

25.

At all times leading up to this litigation, whether classified as an Independent Contractor for Grayco or Protek, Representative Plaintiffs were required to install Cox communication equipment which was not owned in any fashion by Representative Plaintiffs, or any potential opt-in Plaintiffs.

26.

At all times pertinent to this litigation, each of the Plaintiffs herein were employed, or are employed by either Grayo or Protek, as improperly classified "Independent Contractors" for which they have received either no compensation, or were paid improperly at a rate less than one-half times their normal hourly rates, and/or for which they were paid below minimum wage.

27.

Accordingly, upon information and belief, for the period until November, 2016, the Representative Plaintiffs were employees of Grayco, improperly classified as Independent Contractors, and subjected to an unlawful payment calculation scheme as more fully discussed herein.

28.

 Upon information and belief, for the period of May or June, 2017 to present, Representative Plaintiff Wickware is now an employee of ProTek Communications, improperly classified as an Independent Contractor, and is still being subjected to an unlawful payment calculation scheme as already discussed herein.

29.

Upon information and belief, for the period of May or June, 2017, to present, Representative Plaintiff George, performs the identical functions of Representative Plaintiff

Wickware, and is still subjected to certain illegal payment schemes, as will become more apparent through the course of discovery.

30.

Upon information and belief, Grayco and ProTek are a "Joint Employer," for the purpose of this litigation, as Representative Plaintiff Wickware, and other potential opt-in plaintiffs, still perform the same functions as a Grayco employee, still wear Grayco Uniforms, still report to several Grayco management, and still carry Grayco identification cards. Further, ProTek personnel still go about receving their job assignments as the employees of Grayco, and perform the identically same function as the employees of Grayco. Additionally, ProTek personnel still report to the same Grayco warehouse, and receive their equipment in the same manner in which the Grayco employees do. Finally, upon information and belief, Grayco still maintains control over the payment of all improperly classified "Independent Contractors" of ProTek.

31.

Upon information and belief, Grayco, for the period leading up to November, 2016, and possibly for a longer periof of time, failed to keep adequate employment records in violation of the FLSA.

32.

Defendants' actions, as set forth more fully hereinbelow, in failing to compensate the Representative Plaintiffs and by failing to keep records in accordance with the provisions of the FLSA, were willful. Further, upon information and belief, Defendants' actions were willful for the reason that the change in November, 2016, to employee status followed the end to a litigation of a similar nature against Grayco in Texas. Further, upon information and belief, Grayco created or

switched its employees to ProTek in a fraudulent attempt to further circumvent the rules and regulations of the FLSA.

33.

As set forth more fully below, Defendants have engaged, through Grayco, and continue to engage, through the newly formed company, ProTek, in a centralized widespread pattern and practice of FLSA violations, and intentional schemes designed to undermine and avoid the minimum wage and overtime pay provisions of the FLSA on a systemic, corporate-wide, and multi-company basis.

34.

The Representative Plaintiffs and the Plaintiffs, working for Grayco, prior to November, 2016, regularly worked over 40 hours in a workweek in order to complete all of their job assignments. Defendant, Grayco, however, did not pay Plaintiffs for all hours worked in order to avoid overtime compensation payments. Defendants, through the guise of a pay-per-point/unilateral charge-back scheme, denied Plaintiffs' rights guaranteed to them under the FLSA and Louisiana law.

35.

Defendants, in November, 2016, changed the status of Plaintiffs to "employee." Nevertheless, in May, or June, 2017, Defendants again changed the status of several Plaintiffs to "Independent Contractors" for their co-Defendant, ProTek, whereby the Defendants reverted to its same pre-November, 2016, pay-per-point/unilateral charge-back scheme, in violation of federal and state law.

36.

Defendants have failed and continue to fail to meet the requirements of the FLSA by instituting policies and engaging in practices that deprive Plaintiffs of wages earned, and violate the minimum wage, overtime pay and record keeping provisions of the FLSA. Specifically, Defendants violated these provisions in the period leading up until November, 2016, for Grayco "Independent Contractors" and again in June or May, 2017, as ProTek "Independent Contractors," until present, by, among other things:

1. Requiring, and/or permitting, Plaintiffs to begin working prior to their first job assignments and failing to record or pay wages for the time worked prior to the start of the first job assignment, including, but not limited to, requiring Plaintiffs to report to the company office before they went to their first job assignment and requiring employees to call, or access an application, from their personal phones to receive the job assignments for the day;

2. Requiring, and/or permitting, Plaintiffs to continue working after they completed all of their job assignments by, among other things, requiring Plaintiffs to clean out their vehicles and by failing to record or pay wages for the time worked subsequent to the end of their shifts;

3. Requiring, and/or permitting, Plaintiffs to work hours "off the clock" throughout their work day by failing to record or pay wages for travel time between job assignments and by engaging in a policy or practice of reducing hours on Plaintiffs' time records;

4. Violating the record-keeping provisions of the FLSA by failing to properly record hours worked;

5. Failing to properly calculate the overtime rate by, among other things, failing to record or pay wages for all hours worked and failing to pay overtime wages at one-and-one-half times the Plaintiffs' regular rate of pay as required by law;

6. Implementing a "charge-back" scheme designed to harm the Plaintiffs by: 1) charging the installers back, or deducting from their check, more money than they earned for a job assignment, effectively making a "profit" by unilaterally taking improper and unjustified deductions from installers' pay; 2) charging Plaintiffs back for occurrences unrelated to quality of the work they originally performed such as homeowner assistance or equipment failures; 3) withholding pay illegally and in violation of the FLSA; and 4) improperly taking deductions from paychecks without just cause; and

7. Defendant, Grayco, is liable for its actions in setting up ProTek as a bogus, unfunded or "judgment proof" entity to employ personnel as "independent contractors" in an attempt to circumvent the provisions of the FLSA; and

8. Defendants, Graco and ProTek, purposefully and willfully withheld these monies in violation of the law.

37.

The Plaintiffs were and/or are subject to the policies, conduct and practices of Defendants set forth above, and, as a result their number of hours worked as recorded by Defendants was far less than their actual hours of numbers worked.

38.

Pursuant to Defendants' policies and practices, Defendant, Grayco, has failed and continues to fail to compensate Plaintiffs for wages earned and pay Plaintiffs the required

minimum wage and overtime pay for one and one-half times their regular rate of pay for all hours worked in excess of a 40 hour work week, for the period up until November, 2016.

39.

Pursuant to Defendants' policies and practices, Defendant, Grayco and ProTek conspired to improperly classify former Grayco Employees as "Independent Contractors" for ProTek and, as such, from the period of May or June, 2017, until the present, has failed and continues to fail to compensate Plaintiffs for wages earned and pay Plaintiffs the required minimum wage and overtime pay for one and one-half times their regular rate of pay for all hours worked in excess of a 40 hour work week.

40.

In addition to failing to compensate Grayco employees for all hours worked, for the period up until November 2016, upon information and belief, Grayco withheld uniform costs from Plaintiffs' paychecks, and improperly "charged" Plaintiffs for the failures of Cox's equipment.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA

41.

Representative Plaintiffs brings this Complaint as a Collective Action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all current and/or former cable technicians and/or installers who worked for Defendants and were classified as "Independent Contractors" within three years of the date of filing of this lawsuit.

42.

Defendants classify and/or classified cable technicians and/or installers as "independent contractors," and do not pay them overtime, for time worked, and subject them to a unilateral "charge-back" scheme.

13

43.

This enterprise wide misclassification creates and constitutes a common practice, policy, or plan, pursuant to the FLSA. At all relevant times to this litigation, Plaintiffs were employees engaged in commerce or for the production of goods in commerce.

44.

The collective is hereby defined as:

All individuals currently or formerly employed by Grayco Communications, L.P., or ProTek Communications, Inc. who were cable technicians and/or installers in the State of Louisiana, and classified as Independent Contractors, at any time during the period of three years prior to the filing of this Collective Action.

45.

Defendants' failure to pay statutorily mandated overtime pay to the collective constitutes a common policy, plan, or practice, to deny overtime in violation of the FLSA.

46.

Defendants' failure to pay statutorily mandated minimum wage pay to the members of the collective constitutes a common policy, practice, or plan in violation of the FLSA.

47.

Defendants' illegal and unilateral pay-per-point scheme/charge-back system constitutes a common policy, practice, or plan in violation of the FLSA.

48.

Representative Plaintiffs are similarly situated to potential members of the Collective as they have all been misclassified as "Independent Contractors," for one to two different time

periods, by a Joint Employer, which ultimately resulted in the violation of their rights pursuant to the FLSA.

49.

Pursuant to 29 U.S.C. § 216(b), attached to and made a part hereof by reference as Exhibit "A," is the Consent to Join Collective Action form signed by the Representative Plaintiff George.

50.

Pursuant to 29 U.S.C. § 216(b), attached to and made a part hereof by reference as Exhibit "B," is the Consent to Join Collective Action form signed by the Representative Plaintiff Wickware.

51.

In addition to the Representative Plaintiffs, as defined herein, there are additional Plaintiffs identified who desire to opt-in to this lawsuit. The Consent to Join Collective Action signed by cable technician, Peter Dumas, is attached hereto as Exhibit "C." The Consent to Join Collective Action signed by cable technician, Benny Taylor, Jr., is attached hereto as Exhibit "D." The Consent to Join Collective Action signed by cable technician Trewayne Nelson is attached hereto as Exhibit "E." The Consent to Join Collective Action signed by cable technician, Byron Taylor, is attached hereto as Exhibit "F." The Consent to Join Collective Action signed by cable technician Piterson Pierre is attached hereto as Exhibit "G."  The Consent to Join Collective signed by cable technician Jarvis Weber is attached hereto as Exhibit "H." The Consent to Join Collective signed by cable technician Eugene Staudi is attached hereto as Exhibit "I." The Consent to Join Collective signed by cable technician Joseph Desir is attached hereto as Exhibit "J." The Consent to Join Collective signed by cable technician O'Kieth Gibson is attached hereto as Exhibit "K." The Consent to Join Collective signed by Raynard Hall is attached hereto as Exhibit "L."

52.

Upon information and belief, each of the aforementioned opt-in Plaintiffs, have been improperly classified as an "Independent Contractor," by Grayco and ProTek and subject to the same common policy and scheme to deprive them of their rights under the federal and state laws.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - NON-PAYMENT OF WAGES
## AND OVERTIME COMPENSATION AGAINST GRAYCO COMMUNICATIONS, L.P.

53.

Representative Plaintiffs hereby incorporate by reference each of the preceding allegations as though set more fully herein.

54.

Representative Plaintiffs assert a cause of action for non-payment of wages, and non-payment of overtime, pursuant to a pay-per-point/unilateral "charge-back" scheme designed by Grayco and implemented until the time Representative Plaintiffs were properly classified as employees in November, 2016.

55.

As a result of this scheme, and as a result of the "charge-backs," Representative Plaintiffs were not paid an adequate amount of time it takes to perform the tasks of their job assignment, and therefore were often paid less than minimum wage.

56.

Defendants, classified as Independent Contractors of Grayco and ProTek, have never been paid an overtime premium for hours over forty worked in a work-week. Defendants willfully failed

to pay this overtime premium, and despite this knowledge additionally failed to keep adequate records of overtime wages, as provided for by the FLSA.

57.

Defendant, Grayco, has violated the provisions of the FLSA, resulting in damages to Plaintiffs, and those similarly situated, in the form of unpaid wages, liquidated damages, incurred and incurring costs, and reasonable attorney fees.

58.

As a result of the minimum wage, overtime pay and record keeping violations of the FLSA, the Plaintiffs have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendants for the period until November, 2016, and possibly thereafter. In addition to the amount of unpaid wages owing to the Plaintiffs, they are also entitled to an amount of liquidated damages pursuant to 29 U.S.C. §216(b) and/or prejudgment interest.

59.

The Plaintiffs are also entitled to attorney fees pursuant to 29 U.S.C. §216 (b).

60.

Defendants acted willfully and not in good faith by violating the Plaintiffs' rights under the FLSA for the time period leading up until November, 2016.

61.

There are numerous other similarly situated employees and former employees of Defendants who have been improperly classified and compensated in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. The Consent to Join the Collective Actions of several of these employees are attached hereto as Exhibits to this Complaint.

## SECOND CAUSE OF ACTION
## NON-PAYMENT OF WAGES AND OVERTIME COMPENSATION AGAINST
## GRAYCO COMMUNICATIONS, L.P., AND PROTEK COMMUNICATIONS

62.

Plaintiffs hereby incorporate by reference each of the preceding allegations as though set more fully herein.

63.

Representative Plaintiffs and Plaintiffs assert a cause of action for non-payment of wages, and non-payment of overtime, pursuant to a pay-per-point/unilateral "charge-back" scheme designed by Grayco Communications, L.P., and ProTek Communications, as a "Joint Employer" and implemented from May or June, 2017, until the date of filing this Complaint.

64.

Defendants, Grayco and Protek, have violated the provisions of the FLSA, resulting in damages to Plaintiffs, and those similarly situated, in the form of unpaid wages, incurred and incurring costs, and reasonable attorney fees.

65.

As a result of the minimum wage, overtime pay and record keeping violations of the FLSA, the Plaintiffs have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendants for the period until November, 2016. In addition to the amount of unpaid wages owing to the Plaintiffs, they are also entitled to an amount of liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest.

66.

The Plaintiffs are also entitled to attorney fees pursuant to 29 U.S.C. § 216(b).

67.

Defendants acted willfully and not in good faith by violating the Plaintiffs' rights under the FLSA for the time period leading up until November, 2016.

68.

There are numerous other similarly situated employees and former employees of Defendants who have been improperly classified and compensated in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

**THIRD CAUSE OF ACTION**
**UNLAWFUL FINES AGAINST EMPLOYEES**

69.

Plaintiffs hereby incorporate by reference each of the preceding allegations as though set more fully herein.

70.

Representative Plaintiff, and Plaintiffs, are subject to "charge-back" schemes at the Defendants' discretion, whereby the Defendants charge, or deduct, monies from the Plaintiffs' paychecks for repeat visits, due to no fault of the Plaintiffs, or broken or malfunctioning equipment, through no fault of the Plaintiffs.

71.

LSA-R.S. 23:635 provides that the imposition of a fine against any employee is unlawful, unless "the employees wilfully or negligently damage goods or works, or in cases where the employees wilfully or negligently damage or break the property of the employer, or in cases where the employee is convicted or has pled guilty to the crime of theft of employer funds.

72.

The improper charge-backs being done by Grayco, and now ProTek, are in direct violation of LSA-R.S. 23:635, and are illegal. There is no recognized exception for the actions of Defendants.

73.

Representative Plaintiff, and Plaintiffs, have therefore suffered an amount to be proven at trial.

## **JURY DEMAND**

74.

Representative Plaintiffs, and Plaintiffs, are entitled to and request a trial by jury.

**WHEREFORE,** Representative Plaintiffs, Tony Joseph George, and Raynell Wickware, and the members of the Collective, or Plaintiffs, respectfully pray for judgment as follows:

a. That this case be allowed to proceed as a Collective Action;

b. For an award of all unpaid wages, minimum wages, and overtime, in an amount to be proven at a trial on damages;

c. For an award of Liquidated Damages;

d. For an award of all benefits for employees improperly misclassified as independent contractors;

e. For an award of back charges in violation of Louisiana law;

f. For an award of reasonable attorney fees;

g. For costs of suit and expert fees;

h. For pre and post judgment interest; and

i.   For all other relief which may be equitably granted by this Honorable Court.


Respectfully submitted,


 /s/ Douglas R. Kraus_____
Douglas R. Kraus, T.A. La. Bar. #26668
Chelsea B. Cusimano, La. Bar. #34857
Lisa Brener, La. Bar. #1809
Susannah McKinney, La. Bar. #24349
**Brener Law Firm, LLC**
3640 Magazine Street
New Orleans, LA  70115
(504) 302-7802
*dkraus@brenerlawfirm.com*
*cbcusimano@brenerlawfirm.com*
*lbrener@brenerlawfirm.com*
*smckinney@brenerlawfirm.com*
*Attorneys for Plaintiffs*