UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONY JOSEPH GEORGE AND RAYNELL WICKWARE, on behalf of themselves and other persons similarly situated** | **CIVIL ACTION NO. 18-8953**<br><br>**SECTION: I** |
| **VERSUS** | **JUDGE: LANCE M. AFRICK** |
| **GRAYCO COMMUNICATIONS, L.P, and PROTEK COMMUNICATIONS, INC.** | **MAGISTRATE: JUDGE MEERVELD** |

**FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Representative Plaintiffs, Tony George and Raynell Wickware, individually, and on behalf of all similarly situated potential plaintiffs and Opt-In Plaintiffs, who desire to supplement and amend their original Complaint with Jury Demand, which was filed on September 26, 2018, as follows:

1.

Representative Plaintiffs hereby incorporates 1 through 74 of their Complaint, and Request for Jury Demand, as if fully stated herein.

2.

Plaintiffs desire to amend and supplement their original Complaint to add a supplemental claim to state the additional Count, by adding paragraphs 75 through 79 as follows:

**FOURTH CAUSE OF ACTION**
**RETALIATION**

75.

All of the allegations in Paragraphs 75 through 79 are incorporated herein by reference as if fully set forth herein.

76.

The Fair Labor Standards Act ("FLSA") anti-retaliation provision, 29 U.S.C.A. § 215, makes it unlawful for an employer to discriminate or otherwise retaliate against and employee because he/she has filed any complaint, or participated in any complaint, pursuant to the FLSA.

77.

Representative Plaintiffs and Opt-In Plaintiffs have consistently opposed the practices as outlined in this Complaint. For example, on multiple occasions, Plaintiffs have objected to the illegal non-payment of wages by Protek and Grayco, and the non-payment of overtime by Protek and Grayco, as well as the illegal "charge-back" scheme of both Grayco and Protek.

78.

On September 26, 2018, this litigation was filed. As a result of the filing of this litigation, multiple Opt-In Plaintiffs have been retaliated against by Defendants in the following, non-exclusive ways:

1. Plaintiffs are receiving less compensation than they were prior to September, 2018;

2. Plaintiffs are receiving less job assignments than they were prior to September, 2018, or no job assignments at all on certain days;

3. Plaintiffs are receiving more charge-backs than they were prior to September, 2018;

4. Plaintiffs, despite multiple requests, have not received, or have received accurate YTD tax earning statements due to them by the end of January, 2019, thereby resulting in Plaintiffs being unable to effectively file their 2018 taxes;

5. One Plaintiff, Miguel Peter, was not "released" from employment with Grayco, despite the turning over of his equipment, thereby causing him to be unable to commence work at his

new employment. This same Plaintiff was disparaged and defamed to his new employer by Grayco supervisor, Frank Glaspie; and

6. Plaintiffs' paychecks are being withheld in violation of the law for "equipment" issues, as the withholding effectively results in Plaintiffs making less than minimum wage per hour in violation of law.

79.

Plaintiffs believe, and therefore allege, that the actions listed herein, are a result of their active participation in the instant litigation, and their active opposition of Grayco and Protek's consistent and continuous violations of the FLSA.

80.

Plaintiffs are entitled to additional damages due that they have sustained as a result of the retaliation, as described in Plaintiffs' Complaint, and to the additional damages as provided for by statute.

**WHEREFORE**, premises consider, Representative Plaintiffs, Tony George and Raynell Wickware individually and on behalf of all similarly situated individuals, pray, that after trial by jury, there be judgment herein, in Plaintiffs' favor and against Defendants, Grayco Communications, L.P, and Protek Communications, Inc., for all damages that Plaintiffs have sustained as a result of the actions described in the original Complaint, together with attorney fees, costs, judicial interest, statutory/punitive damages, and all other equitable relief to which they may be entitled.

Respectfully Submitted:

/s/ Chelsea B. Cusimano

Douglas R. Kraus Bar #26668
Chelsea B. Cusimano #34857
Susannah C. McKinney #24349
***Brener & Kraus, LLC***
3640 Magazine Street
New Orleans, Louisiana  70115
Telephone:  (504) 302-7802
Facsimile:   (504) 302-4759
*dkraus@brenerlawfirm.com*
*cbcusimano@brenerlawfirm.com*
*smckinney@brenerlawfirm.com*
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that a copy of the above First Supplemental and Amending Complaint has been served on all counsel of record to these proceedings by placing a copy of the same in the United States Mail, postage prepaid, and properly addressed and/or via e-mail on this 22th day of February, 2019.

/s/ Chelsea B. Cusimano

Chelsea B. Cusimano