UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY JOSEPH GEORGE AND RAYNELL WICKWARE, on behalf of themselves and Other persons similarly situated,<br><br>v.<br><br>GRAYCO COMMUNICATIONS, L.P., and PROTEK COMMUNICATIONS, INC.<br>    *Defendant.* | Civil Action<br>2:18-cv-08953<br>Section I (Judge Africk)<br>Mag. (1) (Judge van Meerveld)<br><br>JURY DEMANDED |

**DEFENDANT GRAYCO COMMUNICATIONS, L.P.'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING JOINT EMPLOYER STATUS AND PLAINTIFFS' WILLFULNESS AND RETALIATION CLAIMS UNDER THE FLSA**

**NOW INTO COURT,** through undersigned counsel, comes Defendant Grayco Communications, L.P. ("Grayco"), which, for the reasons set forth in the accompanying memorandum and pursuant to Fed. R. Civ. P. 56, requests that this Court enter judgment against Plaintiffs, Tony Joseph George and Raynell Wickware, on behalf of themselves and other persons similarly situated ("Plaintiffs"), on their joint employer, willfulness and retaliation claims asserted under the Fair Labor Standards Act ("FLSA") and La. Rev. Stat. § 23.635 (as to joint employer claim only).

Partial summary judgment is appropriate because the undisputed facts show that, (1) Grayco did not jointly employ the Plaintiffs who worked for Protek Communications, Inc. (hereinafter referred to as the "Protek Plaintiffs"); (2) Grayco did not engage in actions that constitute a willful violation of the FLSA; and (3) Grayco did not engage in retaliation in violation of the FLSA against Plaintiffs because of their filing and/or participation in this lawsuit.[1]

---

[1] The "Protek Plaintiffs" are the following Plaintiffs: Joseph Desir, Raynard Hall, Pierre Peterson, Benny Taylor, Raynell Wickware, Iren Bethley, Alsen Caine, Randy Carey, Jonaser Castaneda, Haseem Cook, Winston Johnson, Ricardo Newman, Byron Taylor, Darin Toler, Jarvis Weber, and Dwayne White.

*Defendant Grayco Communications, L.P.'s Motion for Partial Summary Judgment*         1

Plaintiffs' claim that Grayco and Protek are joint employers fails because Grayco did not have the authority to hire or fire Plaintiffs; Grayco did not pay Plaintiffs or have any input on how Plaintiffs were paid; Grayco did not supervise Plaintiffs or control their work schedule; and Grayco did not maintain any employment records for Plaintiffs. Rather, Protek unequivocally controlled, executed and maintained all of these duties with regard to the Protek Plaintiffs. Further, the business contract between Protek and Grayco, in effect during the relevant time period contained specific terms stating the companies would not be joint employers and further stated that it was Protek's contractual obligation to maintain, control, and pay its own work force (separate from Grayco's workforce). Plaintiffs' allegation that Grayco is a joint employer with Protek is wholly unsupported by the evidence and directly contradicted by the record. Accordingly, there is no evidence that Grayco jointly employed Plaintiffs under either the FLSA or Louisiana law.

Plaintiffs' claim that Grayco acted "willfully" by violating the Plaintiffs' rights under the FLSA also fails because there is no evidence that Grayco knew that its pay structured violated the FLSA or that it ignored complaints brought to its attention. At most, Grayco may have been merely negligent, however, this does not rise to the level of a willful violation of the FLSA. Accordingly, there is no evidence of willfulness and the two-year statute of limitations should be applied to all Plaintiffs.

Plaintiffs also assert a claim for retaliation under the FLSA claiming that "multiple Opt-In Plaintiffs have been retaliated against" after this lawsuit was filed on September 26, 2018. Specifically, Plaintiffs allege that they, (1) received less compensation, (2) received less job assignments, (3) received more charge-backs, (4) were not provided tax documents and (5) were not provided paychecks, as a result of their participation in this lawsuit. Importantly, some of the alleged actions listed by Plaintiffs are not adverse actions under the FLSA therefore, Plaintiffs are

unable to establish a prima facie case of retaliation.  Additionally, assuming for the purposes of this motion (although Grayco disagrees) that adverse actions existed, there is no evidence that such actions occurred because of any Plaintiff's participation in this lawsuit.  Plaintiffs have no evidence to meet their burden under the FLSA retaliation analysis that they would not have faced the adverse actions claimed but for engaging in protected activity under the FLSA.  Accordingly, summary judgment on all Plaintiffs' retaliation claims is appropriate.

WHEREFORE, for these reasons and as more fully set forth in the accompanying Memorandum in Support, Grayco respectfully requests that this Honorable Court enter summary judgment in favor of Grayco (1) as to all claims regarding the Protek Plaintiffs because Grayco is not a "joint employer" and has no employer liability to Protek's employees and/or independent contractors; and (2) as to Plaintiffs' claims of willfulness and retaliation under the FLSA.

    Respectfully submitted,

    */s/ Gregg M. Rosenberg*
    Gregg M. Rosenberg - *Pro Hac Vice*
    USDC SD/TX No. 7325
    Texas State Bar ID 17268750
    Tracey D. Lewis - P*ro Hac Vice*
    USDC SD/TX No. 212007
    Texas State Bar ID 24090230
    ROSENBERG & SPROVACH
    3518 Travis Street, Suite 200
    Houston, Texas 77002
    (713) 960-8300
    (713) 621-6670 (Facsimile)

OF COUNSEL:
ROSENBERG & SPROVACH    ATTORNEYS FOR DEFENDANT
`    GRAYCO COMMINACTIONS, L.P.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via CM/ECF, on this 24th day of December 2019.

| *Attorneys for Plaintiffs* | *Attorneys for Protek Communications, Inc.* |
|---|---|
| Douglas R. Kraus<br>Chelsea Brener Cusimano<br>Susannah McKinney<br>BRENER LAW FIRM, LLC<br>3640 Magazine<br>Street New Orleans, Louisiana 70115<br>cbcusimano@brenerlawfirm.com<br>dkraus@brenerlawfirm.com<br>smckinney@brenerlawfirm.com | John L. Young<br>Matthew W. Langenberg<br>915 St. Louis Street<br>New Orleans, LA 70112<br>jly@aol.com<br>mwl@johnyounglaw.com<br><br>Jean-Paul Robert<br>8148 Highway 44<br>Gonzales, Louisiana 77037<br>jpr@attorneyatlawllc.com |

                                      */s/ Gregg M. Rosenberg*
                                      GREGG M. ROSENBERG