UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY JOSEPH GEORGE AND RAYNELL WICKWARE, on behalf of themselves and others persons similarly situated,<br><br>v.<br><br>GRAYCO COMMUNICATIONS, L.P., and PROTEK COMMUNICATIONS, INC.<br>*Defendant.* | Civil Action<br>2:18-cv-08953<br>Section I (Judge Africk)<br>Mag. (1) (Judge van Meerveld)<br><br>JURY DEMANDED |

## **DEFENDANT GRAYCO COMMUNICATIONS L.P.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Defendant, Grayco Communications L.P. ("Grayco" or "Defendant") submits this response in opposition, to Plaintiffs' Motion to Compel [Dkt. 128]. For the reasons set forth below Plaintiffs' Motion should be denied.

### I. INTRODUCTION

Plaintiffs' seek the production of, "the contract between Cox Communications and Grayco Communications, L.P. (the "Cox Contract") for services performed by Grayco cable technicians for Cox Communications in the State of Louisiana."[1] Grayco objects to the production of the Cox Contract as it is not proportional to the needs of this case or the claims or defenses asserted therein. In examining the relationship of the requested discovery and the facts it is intended (according to Plaintiffs' Motion) to uncover to the specific claims and defenses raised by the parties, it is apparent that the Cox Contract does not have any meaningful connection.

Plaintiffs assert in their Motion that production of the Cox Contract is warranted because Butch Grambow allegedly testified when asked if the way to determine how Grayco compensated

---

[1] Plaintiffs Motion to Compel, p. 1.

*Grayco's Response to Plaintiffs' Motion to Compel*            1

the Cable Technicians would be to get the Cox Contract, he responded, "or their check stub."[2] However, Mr. Grambow actually testified that the Cox Contract designates what Grayco is paid by Cox, not what Grayco (or Protek) pays its cable technicians, which is what is at issue in this case. Plaintiffs also assert that the Cox Contract governs all of the Plaintiffs in this litigation.[3] However, it is undisputed that Protek did not have a contract with Cox. Additionally, deposition testimony in this case has revealed that Grayco decided on its own the rate, method and manner in which cable technicians that worked for it would be paid and Protek did the same for its cable technicians. Plaintiffs also assert that the Cox Contract is relevant because, "[D]efendants have indicated that Cox Communications assigns jobs to Plaintiffs."[4] Importantly, Plaintiffs have not sued Cox in this lawsuit. Cox's contractual relationship with Grayco has nothing to do with Plaintiffs' claims of alleged unpaid wages and unpaid overtime due to alleged violations of the FLSA by Grayco and Protek.

For the reasons set forth herein, Plaintiffs' Motion should be denied. In the alternative, the Court should limit discovery of the Cox Contract to the relevant time period in the instant action and allow redaction of irrelevant, confidential and proprietary business information (e.g. amounts paid to Grayco from Cox for its services). Further, Grayco requests that if the Court compels production of the Cox Contract, it be limited to the provisions discussed herein as well as designated "attorney's eyes only."

---

[2] Plaintiffs' Motion to Compel, p. 3.
[3] Plaintiffs' Motion to Compel, p. 4.
[4] Plaintiffs' Motion to Compel, p. 4.

## II. BACKGROUND

In their First Requests for Production in this case, Plaintiffs requested (in pertinent part):

**Request for Production No. 7:**

Any and all copies of contracts, agreements, or correspondence regarding the contracts or agreements between Grayco and Cox Communications, LLC., for the work performed by cable technicians in Louisiana.

Grayco asserted its objections in response to Plaintiffs' First Requests for Production of Documents (#7) stating:

Defendant objects to this Request as overly broad and unduly burdensome in that it seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents not relevant to this lawsuit. Defendant further objects to this Request to the extent it seeks documents concerning individuals and/or entities who are not parties to this lawsuit. Defendant further objects as this Request is overly broad as it is not limited as to the relevant time period. Defendant further objects to this Request as the documents requested are not proportional to the needs of this case as to the claims and defenses asserted therein.

Following the First Requests for Production, Plaintiffs propounded eight (8) more requests for production throughout the course of discovery. Grayco has produced 5,170 pages of responsive documents. As to the request for the Cox Contract (a Field Services Agreement to which only Grayco and Cox Communications are parties) counsel for Plaintiffs and Grayco conferred regarding the dispute on January 16, 2020. After this conference, Grayco confirmed that it would not produce the Cox Contract requested by Plaintiffs in the request for production cited above and would stand on its objections. Plaintiffs' then filed this Motion to Compel on January 21, 2020.

## III. ARGUMENT & AUTHORITIES

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *Hightower v. Group 1 Automotive, Inc.,* Civ. A. No. 15-1284, 2016 WL 3511720 (Apr. 17, 2016). A determination of relevancy is tied to applicable substantive law and then weighed against those six "proportionality factors." *Arthur J. Gallagher & Co. v. O'Neil*, Civ A. No. 17-2825, 2017 WL 4998650, *2 (E. D. La. Nov. 2, 2017).

Any information sought that is not relevant to a party's claim or defense is not discoverable, regardless of proportionality. The Court must additionally limit the frequency or extent of discovery if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C); *Thibault v. BellSouth Telecommunications, Inc.,* No. Civ. A. 07-200, 2008 WL 4808893, at *2 (E.D. La. Oct. 30, 2008). Additionally, "discovery under Federal Rule of Civil Procedure 26(b)(1) must be both relevant and proportional, including a consideration of the importance of the discovery to resolving the issues in the litigation." *OJ's Janitorial and Sweeping Service, LLC v. Syncom Space Services, LLC*, 2017 WL 3087905, at *3 (E.D. La. July 20, 2017).

The contract between Cox Communications and Grayco does not involve information that would be relevant to resolving the issues in this case. Grayco's relationship with Cox is not being litigated in this case, brought by Plaintiffs under the FLSA, claiming that Grayco (and Protek) did

not properly compensate its cable technicians in accordance with the FLSA.[5] The contract that Plaintiffs seek in discovery is the "Field Services Agreement" between Grayco and Cox Communications. This agreement governs the independent contractor relationship between Grayco and Cox. Cox is not a party to this case. Therefore, the contractual terms of the independent contractor relationship between Cox and Grayco is not and could not be at issue in this case which is between the Plaintiffs and the named defendants Grayco and Protek. Grayco has provided the contract between Grayco and Protek as the nature of that relationship between the two Defendants would be relevant to the claims and defenses asserted in this case as to alleged joint employer relationship.

The Plaintiffs' claim that the Cox Contract is relevant to the joint employer claim asserted against Grayco and Protek is unsupported by the law and facts applicable in this case. Under the joint employer test, the Plaintiffs would need to show, "whether the alleged employer (Grayco): (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Superior Hospitality Staffing*, No. 18-2793, 2019 WL 118013, at *4 (E.D. La. Jan. 7, 2019) (stating that "[E]ach individual or entity alleged to be an employer ... must satisfy the four-part test.); *Crosby v. Cox Communications, Inc.*, No. 16-6700, 2016 WL 6403348, at *2 (E.D. La. Oct. 28, 2016) (using the economic realities test to determine whether there was an employment relationship for the purposes of the FLSA). As Protek is not a party to the Cox-Grayco contract, there is no information within that document regarding Grayco's power to hire or fire Protek workers, supervise or control the work schedules or conditions of employment of Protek workers, determine the rate or method of placement for Protek workers, or

---

[5] Plaintiffs' Original Complaint and First Amended Complaints, [Dkts. 1, 44].

*Grayco's Response to Plaintiffs' Motion to Compel*  5

maintain the employment records of Protek workers. Therefore, as to the claims or defenses with regard to the joint employer status of Grayco and Protek, the Cox contract would be irrelevant and not proportional to the needs of this case. Broad subject matter discovery is no longer permissible after the December 1, 2015 Amendments to Rule 26(b)(1). *Arthur J. Gallagher & Co. v. O'Neil*, Civ A. No. 17-2825, 2017 WL 4998650, *2 (E. D. La. Nov. 2, 2017). Furthermore, Plaintiffs have had an opportunity to depose Grayco and Protek's corporate representative as well as two other Grayco corporate representatives, the Chief Operating Officer and the head of Grayco's human resources. In addition to the Cox Contract not being proportional to any claims or defenses asserted in this case, it is unreasonably duplicative and Plaintiffs had ample opportunity to obtain the information sought through live deposition testimony.

     The court may order discovery of any matter relevant to the subject matter involved in the action ***only if*** the party seeking such discovery makes a showing of good cause. *Greenfield Commercial Credit, LLC v. Catlettsburg Refining, L.L.C.,* Civ. A. No. 03-3391, 2006 WL 8456032, at *1 (E.D. La. April 24 2016). Plaintiffs in this case have not made a showing of a good cause as to why the Cox Contract should be produced in discovery in this case. A district judge in this court found that he must identify the exact claim that plaintiff is asserting in the case because, even insofar as defenses are concerned, the Court does not consider them in the abstract but rather with respect to the specific claim being asserted. *Id*. at *3 (citing *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc*., No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006)). Looking at the joint employer claim specifically, and the elements relevant to that theory, there is no proportionality between the Cox Contract to the claim of joint employer relationship between Grayco and Cox.

Plaintiffs incorrectly assert that there has been testimony in this case that the way in which Grayco, "compensated the cable technicians was dependent upon the Cox Contract."[6] Plaintiffs claim that during the corporate depositions taken in this case, the Cox Contract was discussed in detail. However, in the corporate deposition of Grayco, it was made clear that the Cox contract states the amount that Cox pays Grayco and then Grayco pays a percentage of that amount to its technicians.[7] The testimony provided did not reveal that the Cox Contract would dictate the percentage that Grayco decided to pay its technicians.[8] Butch Grambow testified that the Cox Contract dictated how much Grayco was going to be paid, not how much Grayco paid its cable technicians.[9] Mr. Grambow further stated that, there was nothing in writing from Cox as to how Grayco paid its workers and that Cox "never questioned how [Grayco] paid people."[10] Accordingly, the Cox Contract would not be relevant to the rate of pay or hours worked by Plaintiffs. Mr. Grambow also testified that Cox played no role at all in Grayco's decision to change its cable technicians to W-2 employees during the relevant time period.[11] Therefore, the Cox Contract would have no relevance or proportionality to Plaintiffs' claims of misclassification either.

Plaintiffs further assert that the Cox Contract supports its claim that Grayco acted willfully in violation of the FLSA. A willful violation may be established by showing that management knew they were violating the FLSA. Mere knowledge of the FLSA and its potential applicability does not suffice, nor does conduct that is merely negligent or unreasonable. *See McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 132–33 (1988); *Trans World Airlines, Inc. v. Thurston,* 469 U.S.

---

[6] Plaintiffs' Motion to Compel, p. 6.
[7] Grayco Corporate Representative Deposition (Nathan Williams), 79:4-82:8, Ex. 2.
[8] *Id.*
[9] Butch Grambow Deposition, 39-40:16, Ex. 1.
[10] Butch Grambow Deposition, 12:13-14, Ex. 1.
[11] Butch Grambow Deposition, 49:19-50:1, Ex. 1.

<u>*Grayco's Response to Plaintiffs' Motion to Compel*</u>　　　　　　　　　　　　　　　　　　　7

111, 127–28 (1985); *Mireles v. Frio Foods, Inc.,* 899 F.2d 1407, 1416 (5th Cir. 1990). Rather, an employer's violation is willful only if it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute...." *McLaughlin,* 486 U.S. at 133, 108 S.Ct. 1677. Plaintiffs assertion that the Cox Contract "might have information regarding the Fair Labor Standards Act, and that Grayco should have paid attention to it when initiating business in the State of Louisiana," does not establish that Grayco management knew it was violating the FLSA. As stated, mere knowledge does not meet the willful standard under the FLSA. Plaintiffs' argument that the Cox Contract is proportional to the needs of this case as to willfulness is unavailing when the purported facts that Plaintiffs' assert will be uncovered do not tie to the substantive law forming the basis of Plaintiffs' claims.

      C. **In the alternative, Plaintiffs' Request should be more narrowly tailored and only portions of the Cox Contract be produced.**

Plaintiffs' request, "[A]ny and all copies of contracts, agreements, or correspondence regarding the contracts or agreements between Grayco and Cox Communications, LLC., for the work performed by cable technicians in Louisiana." Grayco asserts that the Cox Contract does not meet the standards of Rule 26 proportionality in this case at all, however, if the Court determines that Plaintiffs request is proportional to the needs of this case, Grayco asserts that the request should be limited to only the contract between Cox and Grayco in effect from September 26, 2015 to September 2019, when Grayco stopped doing business in Louisiana. Grayco further asserts that the only portions of the contract that it should be required to produce are any portions relevant to Plaintiffs' pay (rate, manner or method of pay) and job duties as cable technicians working for Grayco. Terms regarding Cox's payment to Grayco as a business for the services it performed and Cox's business requirements of Grayco as its independent contractor are not

relevant or proportional to any claims or defenses asserted in this lawsuit on behalf of Plaintiffs and therefore should not be produced in discovery.

Additionally, Grayco requests that the contract be produced as "attorneys' eyes only" as it contains confidential and proprietary business information. A comprehensive protective order has been entered in this case, however, Grayco requests that if the Court compels production of the Cox Contract, the confidential designation (referred to in the agreed protective order) [Dkt. 62] be accompanied by an order from the Court that the Cox Contract be "attorneys' eyes only" for purposes of this litigation.

### D. If Plaintiffs' Motion to Compel is granted, Plaintiffs are not entitled to costs.

In their Motion to Compel, Plaintiffs seek costs associated with the filing of same. Under the Federal Rules of Civil Procedure, if the motion is granted the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion unless the court finds that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(4)(A). Grayco objects to Plaintiffs requests for costs because Grayco's response and objection was substantially justified and it has identified valid objections and the legal and factual basis for those objections in this response.

### III. CONCLUSION

For the reasons stated herein, Grayco respectfully requests that the Court deny Plaintiffs' Motion to Compel, or in the alternative, limit Plaintiffs' request to a production of certain portions of the Cox Contract that could relate to Plaintiffs' claims or defenses asserted in this lawsuit as to the method, rate, or manner of Plaintiffs' pay or Plaintiffs' job duties working for Grayco as cable

technicians, as opposed to unfettered access to the entire document. Additionally, Grayco requests that if the Court grant Plaintiffs' Motion, in whole or in part, the production be protected as "attorneys' eyes only." Lastly, Grayco respectfully requests that Plaintiffs' request for costs associated with the filing of its Motion to Compel be denied.

                                        Respectfully submitted,

                                        ***/s/ Gregg M. Rosenberg***_____
                                        Gregg M. Rosenberg - *Pro Hac Vice*
                                        USDC SD/TX No. 7325
                                        Texas State Bar ID 17268750
                                        Tracey D. Lewis - P*ro Hac Vice*
                                        USDC SD/TX No. 212007
                                        Texas State Bar ID 24090230
                                        ROSENBERG & SPROVACH
                                        3518 Travis Street, Suite 200
                                        Houston, Texas 77002
                                        (713) 960-8300
                                        (713) 621-6670 (Facsimile)

OF COUNSEL:
ROSENBERG & SPROVACH                     ATTORNEYS FOR DEFENDANT
`                                                                            GRAYCO COMMINACTIONS, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via CM/ECF, on this 28th day of January, 2020.

*Attorneys for Plaintiffs*

Douglas R. Kraus
Chelsea Brener Cusimano
Susannah McKinney
BRENER LAW FIRM, LLC
3640 Magazine
Street New Orleans, Louisiana 70115

dkraus@brenerlawfirm.com
smckinney@brenerlawfirm.com

*Attorneys for Protek Communications, Inc.*

Jean-Paul Robert
8148 Highway 44
Gonzales, Louisiana 77037
jpr@attorneyatlawllc.com

        */s/ Gregg M. Rosenberg*_____
        GREGG M. ROSENBERG