UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY JOSEPH GEORGE, ET AL. | *   CIVIL ACTION |
|  | *   NO. 18-8953 |
| VERSUS | * |
|  | *   DIVISION:  (1) |
| GRAYCO COMMUNICATIONS, LP, ET AL. | * |
|  | *   MAGISTRATE JUDGE |
|  | *   JANIS VAN MEERVELD |

ORDER AND REASONS

Before the court is the plaintiffs' Motion to Compel. (Rec. Doc. 128). For the following reasons, the Motion is GRANTED.

Background

This is a Fair Labor Standards Act ("FLSA") case that was conditionally certified as a collective action on February 28, 2019. Representative plaintiffs Tony Joseph George and Raynell Wickware worked as cable technicians for Grayco Communications, L.P. ("Grayco") and/or Protek Communications ("Protek") as early as September 2014 installing Cox Communications' equipment. They allege they were improperly classified as independent contractors until November 2016, and in this lawsuit, they seek to recover for alleged FLSA violations through that time. For example, plaintiffs allege that they were improperly paid through a "pay-per-point" system, pursuant to which they received points based on the number and types of jobs completed and were paid based on points, rather than the actual number of hours worked. They allege that they were not paid for the time it took to travel between jobs. They allege that they were also subjected to "charge-backs," whereby their paychecks would be reduced for repeat calls or quality control issues. They allege that their paychecks were reduced as a charge for use of Grayco trucks and that they were required to keep the trucks clean at all times.

1

Plaintiffs allege that while they were paid as independent contractors they received no compensation, were paid improperly at a rate less than one-half times their normal hourly rate, and/or were paid below the minimum wage. They allege that defendants' actions were willful. Plaintiffs allege that prior to November 2016, they regularly worked more than 40 hours in a workweek in order to complete their job assignments, yet Grayco did not pay them for all hours worked in order to avoid overtime compensation payments. They allege that defendants reverted to this illegal payment scheme in May or June 2017 when Protek changed the status of Wickware and other putative plaintiffs to independent contractor. Despite this change, they allege that they continued to receive job assignments in the same manner as before, were still required to place a Grayco magnet on their own vehicles, were still required to use Grayco or Protek equipment, and still reported to meetings with the Grayco employees at the Grayco offices with Grayco supervisors. They allege that Wickware and other putative plaintiffs are being subjected to the same illegal "charge-backs" that were imposed prior to November 2016.

Plaintiffs George and Wickware filed this lawsuit on September 26, 2018, asserting that the defendants, acting as joint employers, violated the FLSA by depriving plaintiffs of wages earned, failing to pay minimum wage, failing to pay overtime, and failing to keep appropriate records. They sought to assert their claims on behalf of themselves and others similarly situated. On February 19, 2019, plaintiffs filed a Motion for Conditional Certification and Notice to Putative Class, proposing to define the class as follows:

> All former and current employees or "1099" Independent Contractors of Grayco Communications, L.P, and Protek Communications, Inc., who worked within the three years prior to the filing of this Complaint who performed work as Cable Technicians.

(Rec. Doc. 40). During a status conference with the District Judge on February 28, 2019, the Motion was granted without opposition. (Rec. Doc. 51). The parties also reported that they

consented to proceed before the Magistrate Judge, and on March 18, 2019, the matter was referred to the undersigned for all further proceedings. (Rec. Doc. 60).

Presently, there are 69 plaintiffs joined to this litigation. Trial is currently set to begin on March 10, 2020. The deadline to complete discovery passed on December 13, 2019. Grayco filed a Motion for Partial Summary Judgment on December 24, 2019, arguing that the undisputed facts establish that it is not a joint employer with Protek, that it did not willfully violate the FLSA, and that it did not retaliate against the plaintiffs. Protek also filed a Motion for Summary Judgment on that date, arguing that the undisputed facts establish that plaintiffs were independent contractors not subject to the wage requirements of the FLSA, that even if they were employees under FLSA the plaintiffs are not similarly situated for purposes of maintaining a collective action, and that, in any event, plaintiffs' claims should be dismissed because they have failed to produce their tax returns, which Protek insists are necessary to determine their status as employees. Protek also adopted Grayco's argument that there is no evidence of retaliation. Plaintiffs filed their opposition memoranda to the motions on January 8, 2020.

On January 21, 2020, the plaintiffs filed the present Motion to Compel. They demand that Grayco be required to produce its contract with Cox Communications (the "Cox Contract"). They complain that they have been trying to obtain the contract throughout this litigation but Grayco has refused to produce it. They argue that the Cox Contract is relevant to the claims and defenses in this litigation. Plaintiffs point out that they have not received any documents in discovery that would have been given to the plaintiffs informing them of how they would be compensated for their work. They say that when they deposed Butch Grambow, Grayco's Chief Operating Officer, he testified that the manner in which Grayco compensated the cable technicians was dependent on

the way Cox compensated Grayco. Plaintiffs seem to argue that the Cox Contract may shed light on how the plaintiffs were compensated, something they say they have been unable to determine.

Plaintiffs also say the Cox Contract could be relevant to the issue of whether Grayco acted willfully because the Cox Contract might have information about the FLSA. Plaintiffs cite deposition testimony in this case indicating that Cox did not request that Grayco classify its cable technicians as W-2 employees or independent contractors, yet plaintiffs have also obtained the testimony of a Grayco supervisor in the <u>Gremillion</u> matter to the effect that Cox *did* request that Grayco have a W-2 employee base. Plaintiffs appear to be arguing that the Cox Contract could shed light on this issue.

Plaintiffs further argue that the Cox Contract is relevant to their theory that Grayco and Protek are joint employers. In Grayco's motion for summary judgment on the issue, it alleges that Cox assigned the jobs to the cable technicians. Protek's corporate representative also testified Protek was assigned jobs by Cox. Plaintiffs say that if the Cox Contract does not address the assignment of jobs, this would be relevant to plaintiffs' joint employer theory. Plaintiffs add that there is testimony suggesting that Cox did not know of the existence of Protek. They submit that if the Cox Contract does not allow Grayco to subcontract or does not mention Protek, this would support their joint employer theory.

Grayco opposes the motion, insisting that the Cox Contract is not relevant to the issues in this case. Grayco submits that its relationship with Cox is not being litigated here. Cox is not a party to this case and, thus, Grayco says the contractual terms of its independent contractor relationship with Cox is not at issue. Grayco disputes plaintiffs' claim that the Cox Contract is relevant to the issue of whether Grayco and Protek are joint employers. Grayco says that Protek is not a party to the Cox Contract and the Cox Contract does not provide any information about

Grayco's relationship with Protek's workers (i.e., Grayco's power to hire, fire, supervise, control the schedules of, set the rate and method of pay for, or maintain employment records for Protek workers). Grayco adds that plaintiffs have had ample opportunity to depose Grayco and Protek's corporate representatives as well as Grayco's COO and head of human resources. Grayco insists that production of the Cox Contract is not proportional to the needs of this case.

Grayco also disputes the plaintiffs' characterization of the testimony about how Grayco paid its cable technicians. Grayco says the testimony makes clear that the Cox Contract establishes how much Cox pays Grayco and Grayco pays a percentage of this amount to the cable technicians. Grayco insists there is no testimony indicating that the Cox Contract dictated how the cable technicians would be paid. Thus, Grayco submits, the Cox Contract is not relevant to the rate or pay or hours worked by the plaintiffs.

Grayco further challenges plaintiffs' argument that the Cox Contract is relevant to the issue of Grayco's willfulness. Grayco points out that mere knowledge of the FLSA and its potential applicability is insufficient to establish willfulness. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 132–33 (1988) (rejecting a standard of willfulness that "merely requires that an employer knew that the FLSA 'was in the picture'" and adopting as a standard "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute"). Grayco submits that even if the Cox Contract has information about the FLSA that Gracyo would have paid attention to, as plaintiffs assert, this would not establish that Grayco management knew it was violating FLSA.

Finally, Grayco argues that if the court is inclined to require production of the Cox Contract, the production should be limited to only the contract in effect from September 26, 2015

to September 2019, when Grayco stopped doing business in Louisiana.[1] Grayco further requests that it only be required to produce those portions of the Cox Contract that may be relevant to plaintiffs' pay and job duties, but that Cox's business requirements for Grayco and details about Cox's payments to Grayco should be redacted. Grayco additionally requests that any production be made subject to an "attorney's eyes only" provision because the contract contains confidential and proprietary business information. The current protective order does not include any provisions for attorney's eyes only protection.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. Additionally, Rule 26(b)(2) requires that the court, on motion or on its own, limit discovery (1) that is unreasonably cumulative or duplicative or can be obtained from another source that is more convenient, less burdensome, or less expensive; (2) when the party seeking discovery has had ample opportunity obtain the

---

[1] Although it does not appear that at this time plaintiffs are requesting more than what Grayco proposes here, the actual document request at issue (RFP 7) seeks "[a]ny and all copies of contracts, agreements, or correspondence regarding the contracts or agreements between Grayco and Cox for the work performed by the cable technicians in Louisiana." (Rec. Doc. 135, at 3).

information by discovery in the action; or (3) when the discovery is outside the scope of Rule 26(b)(1) . Fed. R. Civ. P. 26(b)(2)(C)(i).

   2. *Cox Contract*

First, the court considers each basis for relevance and importance suggested by the plaintiffs. The first issue identified by plaintiffs is the way Grayco and Protek paid their technicians, which plaintiffs assert they have not been able to determine. The deposition testimony provided by the parties indicates that the Cox Contract might provide details on how many points were assigned by Cox to different types of work. (Rec. Doc. 135-2, at 5). Grayco's representative testified that the technicians would earn the same amount of points as Cox assigned, but would be paid a lesser amount per point by Grayco than Grayco was paid by Cox. Id. While the Cox Contract will not show how much plaintiffs are paid for every point earned, any information in the Cox Contract about the points assigned by Cox to certain work shed light on the points earned by the plaintiffs.

The next issue identified by the plaintiffs is the issue of Grayco's willful violation of the FLSA. A clause in the contract to the effect that Grayco will comply with FLSA is probably not sufficient to make any violation of the FLSA by Grayco willful. But, it is possible the Cox Contract says more on that issue. For example, the testimony indicates that although a Grayco corporate representative previously testified that Cox required Grayco treat its cable technicians as W-2 employees, Grayco's current corporate representative denies that. It is possible the Cox Contract imposes an obligation on Grayco to treat its cable technicians as W-2 employees. Its silence on the issue may also help shed light on whether Cox imposed any such requirement.

The third issue identified by plaintiffs is their joint employer theory. Although Grayco is correct that the issue is whether Grayco and Protek are joint employers and not whether Cox is a

7

joint employer with either of them, this does not necessarily mean the contract between Grayco and Cox is irrelevant. Grayco maintains that Cox assigns the jobs to the cable technicians, but plaintiffs submit that Cox did not know of Protek's existence. The Cox Contract may address Grayco's ability to subcontract and thereby shed light on that issue. Plaintiffs also seem to suggest that this calls into question Grayco's position that Cox, and not Grayco, assigned jobs to Protek's cable technicians. As a result, the Cox Contract might shed light on the assignment of work to Protek's cable technicians.

Based on the issues identified by plaintiffs, the court finds the Cox Contract may bear some relevance to the issues in this litigation. Grayco asserts that production of the Cox Contract is disproportionate with the needs of the case. The court disagrees. The only burden raised by Grayco is the disclosure of its confidential business information, but that court finds those concerns can easily be allayed. First, there is a Protective Order in this case that limits use and disclosure of confidential information outside of this litigation. Grayco has failed to explain why these protections would be insufficient to address its confidentiality concerns. Grayco suggests subjecting the Cox Contract to attorneys' eyes only protection, but it has failed to show that this would be appropriate here. That type of protection is typically used where the parties themselves are competitors. Importantly, the plaintiffs here are not competitors of Grayco. Grayco has proposed to produce the contract subject to redaction of Cox's business requirements for Grayco and details about Cox's payments to Grayco. The court finds that redaction of confidential business information that is irrelevant to this lawsuit is appropriate in this case. With confidentiality protections in place, there is no burden outweighing the importance of the Cox Contract.

Accordingly, Grayco shall produce the Cox Contract(s) in effect from September 26, 2015 through September 2019, but may do so subject to redaction of confidential business information

that is not relevant to the issues in this lawsuit. Information that is relevant to the issues in this lawsuit, including, but not limited to, the issues identified by plaintiffs in their motion, shall not be redacted. Grayco may also produce the Cox Contract as confidential and subject to the Protective Order. Grayco will be required to produce an unredacted copy of the Cox Contract to the court for *in camera* review so the court can insure the redactions are appropriate.

As to plaintiffs' request for an award of attorneys' fees and costs, the court finds that the circumstances do not warrant such an award. Accordingly, this request is denied.

## Conclusion

For the foregoing reasons, the Motion to Compel is GRANTED. By Friday, February 7, 2020, Grayco shall produce the Cox Contract to the plaintiffs, provided that Grayco may do so subject to the confidentiality protections of the Protective Order and that Grayco may redact confidential business information that is not relevant to the issues in this lawsuit. Grayco shall also produce to the court an un-redacted copy of the Cox Contract to the court for *in camera* review along with a copy of the redacted Cox Contract so that the court can assess the propriety of the redactions.

New Orleans, Louisiana, this 4th day of February, 2020.

                                                Janis van Meerveld
                                              United States Magistrate Judge